# No. 23-15251

## In The
## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

EVERLINE WILLIAMS,

*Plaintiff and Appellant*,

*vs.*

REDWOOD TOXICOLOGY LABORATORY, DBA ABBOTT LABORATORIES,

*Defendant and Appellee.*

FOLLOWING THE JUDGMENT OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
HON. HAYWOOD S. GILLIAM, JR., CASE NO. 4:21-CV-04501-HSG

# APPELLEE'S MOTION TO STRIKE APPELLANT'S OPENING BRIEF AND EXHIBITS

| | |
|---|---|
| SEYFARTH SHAW LLP | SEYFARTH SHAW LLP |
| Eric Lloyd (SBN 254390) | Kara Keister (SBN 250260) |
| elloyd@seyfarth.com | kkeister@seyfarth.com |
| 560 Mission Street, 31st Floor | 400 Capitol Mall, Suite 2350 |
| San Francisco, California 94105 | Sacramento, California 95814-4428 |
| T: (415) 397-2823; F: (415) 397-8549 | T: (916) 498-7028; F: (916) 558-4839 |

Kiran Aftab Seldon (CA Bar 212803)
kseldon@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, CA 90067
T: (310) 277-7200; F: (310) 201-5219

Attorneys for Defendant-Appellee
*Redwood Toxicology Laboratory, dba Abbott Laboratories*

# MOTION TO STRIKE

Pursuant to Federal Rule of Appellate Procedure 27, defendant-appellee Redwood Toxicology Laboratory, dba Abbott Laboratories, moves to strike plaintiff-appellate Everline Williams's opening brief and the attachments labeled "Exhibits A-Q" for non-compliance with the rules of appellate procedure, including Circuit Rules 31-2.1, 32-1(a), 30-2(a) and (d), and Federal Rule of Appellate Procedure 10(a).

Williams's opening brief is untimely, exceeds 19,000 words and includes unauthenticated "Exhibits A-Q" that were not filed with her opposition below. Dkt. 2-1, pp. 84, 204-288. This Court should strike Williams' submission in its entirety.

1. ***Williams's brief is untimely.*** Circuit Rule 31-2.1 states that "[p]arties shall observe the briefing schedule set by an order of the Court of Appeals." Pursuant to this Court's order, Williams's opening brief was due on June 1, 2023. Dkt. 169, p. 2. But like her opposition below, Williams's opening brief was untimely filed, on June 22, 2023. Dkt. 2-1. Williams never sought an extension from the Court or otherwise provided a reason for her untimely filing—she simply filed the brief three weeks late with no explanation. For this reason alone, the brief should be stricken.

2. ***Williams's brief exceeds the word limit.*** Williams's opening brief far exceeds the 14,000 word limit. *See* Circuit Rule 32-1(a). As detailed in the

attached Declaration of Kiran Aftab Seldon, Williams's opening brief (excluding the cover page and addendum) exceeds 19,000 words. Williams did not seek permission to exceed the word limit and failed to include a word count certificate with her brief. Dkt. 2-1. For this additional reason, the opening brief should be stricken.

3. ***Williams improperly attaches exhibits not filed below.*** The Court also should strike "Exhibits A-Q," which Williams improperly includes in an "addendum" to her untimely brief. Dkt. 2-1, pp. 84, 204-288. Williams did *not* submit these exhibits—or any other evidence—in the summary judgment proceedings below. 2-SER-33-66; 1-SER-5-6, n.3. That is so despite the fact that the district court gave Williams multiple opportunities to file opposition papers after she missed her initial deadline. 1-SER-3-4.

It is a "basic tenet of appellate jurisprudence ... that parties may not unilaterally supplement the record on appeal with evidence not reviewed by the court below." *Tonry v. Sec. Experts, Inc.*, 20 F.3d 967, 974 (9th Cir. 1994); *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003); *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) ("Papers not filed with the district court or admitted into evidence … are not part of the clerk's record and cannot be part of the record on appeal."). The rule applies equally to summary judgment appeals. *Schneider v. Cnty. of San Diego*, 28 F.3d 89, 92 (9th Cir. 1994) ("As an appellate

court, our review is limited to the record presented to the district court at the time of summary judgment.").

The unilateral filing of materials outside the record violates Federal Rule of Appellate Procedure 10(a), requiring the improper matter to be stricken. *See* Circuit Rule 30-2(a), (d) (If a party includes "irrelevant materials" in the excerpts of record, this Court may, among other actions, "strike the excerpts" and "impose monetary sanctions."). The Court has deemed the failure to follow these rules to be a "serious violation." *Lowry*, 329 F.3d at 1024; *Stein v. Anderson*, 640 F.App'x 679, 681 (9th Cir. 2016) (attempt to "unilaterally supplement the record on appeal" was a "serious violation" of appellate procedure, warranting award of costs).

Given Williams's serious violations, it would be unfair and inappropriate for the Court to consider "Exhibits A-Q" for the first time on appeal. These exhibits must be stricken. *Lowry*, 329 F.3d at 1024; *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 594 (9th Cir. 2002); *U.S. v. Walker*, 601 F.2d 1051, 1054–55 (9th Cir. 1979); *Kirshner*, 842 F.2d at 1078.

**4.** ***The improper exhibits are unauthenticated.*** Making matters worse, Exhibits A-Q are unauthenticated. "It is well settled that unauthenticated documents cannot be considered on a motion for summary judgment." *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987) ("such documents may not be relied upon to defeat a motion for summary judgment."). "This court has

consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment." *Id*. (citing *Hamilton v. Keystone Tankship Corp.*, 539 F.2d 684, 686 (9th Cir. 1976); *U.S. v. Dibble*, 429 F.2d 598, 601-02 (9th Cir. 1970)).

"In order to be considered by the court, documents must be authenticated by and attached to an affidavit that meets the requirements of [Fed.R.Civ.P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Blain's Helicopters*, 831 F.2d at 925 (quotations omitted). Williams's exhibits, which are merely appended to her untimely brief, meet none of these requirements. On this additional basis, Exhibits A-Q must be stricken.

Further, Williams's opening brief is replete with citations to, and arguments that depend on, Exhibits A-Q. *See e.g.* AOB-12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 38, 39, 44, 49, 51, 53, 54, 57, 58, 59, 63, 64, 70, 71. The Court should strike the opening brief for its repeated reliance on improper matter (as well as for its length and untimeliness), or else the Court will be forced to expend time and resources sifting out the improper matter, thereby "impair[ing] [the Court's] ability to perform [its] appellate function." *Lowry*, 329 F.3d at 1024.

## CONCLUSION

For each of the reasons above, the Court should strike Williams's opening brief and Exhibits A-Q, and affirm the judgment on this basis alone. But even if the Court decides not to strike the opening brief, it should at the very least decide the appeal based solely on the evidence and argument that was presented to the district court.

Respectfully submitted,

DATED: August 23, 2023　　　　　　　　SEYFARTH SHAW LLP

By /s/ *Kiran Aftab Seldon*
　　　Eric Lloyd
　　　Kiran Aftab Seldon
　　　Kara Keister

*Attorneys for Defendant/Appellee*
Redwood Toxicology Laboratory, dba Abbott Laboratories

# DECLARATION OF KIRAN AFTAB SELDON

1.      I am an attorney licensed to practice law in California and am senior counsel in the firm of Seyfarth Shaw LLP. I have personal knowledge of the facts set forth below, and if called on to do so, I could and would testify competently to these facts under oath. I make this declaration in support of defendant-appellee Redwood Toxicology Laboratory, dba Abbott Laboratories' ("Abbott") Motion to Strike Appellant's Opening Brief and Exhibits ("Motion").

2.      I am the attorney with primary responsibility for preparing Abbott's Answering Brief in this appeal. Plaintiff-appellant Everline Williams did not seek an extension of the deadline to file her opening brief, or otherwise provide our office or the Court with an explanation as to why she filed her brief three weeks late. Dkt. 169, p. 2; Dkt. 2-1.

3.      In the course of reviewing Ms. Williams's opening brief, I noted that the brief did not contain a Certificate of Compliance regarding the word count. Because the brief is almost 80 pages long and appeared over the word limit, I directed my office's document solutions department to convert the brief from PDF format to Microsoft Word format. I then ran the word count program in Microsoft Word for the pages of the opening brief numbered 3 to 81 (which excludes the cover page, disclosure statement, and pages following page 81). The word count

program indicated that Ms. Williams's opening brief exceeds 19,000 words. Ms. Williams did not seek permission to exceed the word limit

      I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that this Declaration was executed on August 23, 2023 in Los Angeles, California.

                                <u>s/ *Kiran Aftab Seldon*</u>
                                Kiran Aftab Seldon

# CERTIFICATE OF COMPLIANCE WITH CIRCUIT RULE 32-1

Pursuant to Circuit Rule 27-1(d), Defendant-Appellee hereby certifies that the text of this Motion is double spaced, uses a proportionately spaced typeface, and, excluding the items identified in FRAP 27(a)(2)(B) and FRAP 32(d), does not exceed 20 pages in length.

DATED: August 23, 2023

Respectfully submitted,

SEYFARTH SHAW LLP

By /s/ *Kiran Aftab Seldon*
    Eric Lloyd
    Kiran Aftab Seldon
    Kara Keister

Attorneys for Defendant/Appellee Redwood Toxicology Laboratory, dba Abbott Laboratories

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021.

On August 23, 2023, I certify that I served the within document:

**APPELLEE'S MOTION TO STRIKE APPELLANT'S OPENING BRIEF AND EXHIBITS**

by mail, on the person(s) listed below:

>Everline Williams
>14781 Pomerado Road
>No. 564
>Poway, CA 92064

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Executed on August 23, 2023, at Los Angeles, California.

_____
Rachel D. Victor

97550685v.1